IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JUAN MANUEL HERNANDEZ, ) | | |
| ) | | |
| Defendant-Movant, ) | Case Nos. | CV-06-499-S-BLW |
| ) | | CR-05-163-S-BLW |
| v. ) | | |
| ) | **MEMORANDUM DECISION** | |
| UNITED STATES OF AMERICA, ) | **AND ORDER** | |
| ) | | |
| Plaintiff/Respondent. ) | | |
| ) | | |

Pending before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) and the Government's Motion to Dismiss (Docket No. 6) to which Defendant has not filed a response. Having reviewed the record, and being otherwise fully informed, the Court enters the following Order granting the Motion to Dismiss the § 2255 Motion.

## REVIEW OF § 2255 MOTION

### A.   Procedural Background and Summary of Claims and Issues

On July 13, 2005, Hernandez was charged with one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2).  He pled guilty pursuant to a Plea Agreement (Docket No. 11), and the Court thereafter imposed a sentence of 33 months to be followed by three years of supervised release.  *Judgment* (Docket No.

**Memorandum Decision and Order - 1**

23).  The Ninth Circuit dismissed his appeal of the sentence in light of what it found to be the valid appeal waiver contained in the Plea Agreement.  *United States v. Juan Manuel Hernandez*, No. 05-30568 (9th Cir. Oct. 20, 2006) (Docket No. 30).

Hernandez timely filed the pending § 2255 Motion alleging four grounds, each of which contains several other allegations which will be discussed below. The Government moved to dismiss the § 2255 Motion on the grounds that his claims are waived and meritless.

### B.   Standards of Law

#### 1.   Section 2255 Standard

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears

**Memorandum Decision and Order - 2**

from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States,* 18 F.3d 778, 781 (9th Cir. 1994). Also, a hearing need not be held if the allegations are "palpably incredible or patently frivolous." *Blackledge v. Allison,* 431 U.S. 63, 67 (1977). Rather, a § 2255 motion must allege *specific* facts which, if true, would entitle an individual to relief. *See United States v. Rodrigues,* 347 F.3d 818, 824

**Memorandum Decision and Order - 3**

(9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)).  Where, assuming the truth of the specific factual allegations when viewed against the record, Defendant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits.  See *United States v. Leonti*, 326 F.3d 1111, 1116; 1122 (9th Cir. 2003).

### 2. Ineffective Assistance of Counsel Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice.  See *Strickland v. Washington*, 466 U. S. 668 (1984).  More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697.  See also *Bell v. Cone*, 535 U.S. 685, 695 (2002).  Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  See *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial

**Memorandum Decision and Order - 4**

process that the [proceeding] cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-87.  Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id*. at 689.

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.  This standard is "highly demanding." *Kimmellman v. Morrison,* 477 U.S. 365, 381-82 (1986).

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland,* 466 U.S. at 697.  Furthermore, the Court need not consider one component if there is an insufficient showing of the other.  *Id.*

    **C.**    **Discussion**

The Court notes that the Clerk of Court sent Hernandez a Notice to Pro Se Litigants of the Summary Judgment Rule Requirements (Docket No. 7) which advised him that failure to respond to the Government's Motion to Dismiss could result in dismissal of his case.  The Notice further advised him that failure to

**Memorandum Decision and Order - 5**

respond would constitute his consent to the Court's granting the Government's Motion to Dismiss pursuant to D. Idaho Loc. R. 7.1(e). Hernandez has not filed a response. Nevertheless, the Court will address the Motion to Dismiss on the merits.

### 1. Waiver

The Government contends that under the terms of the Plea Agreement, Hernandez has waived his right to challenge his sentence in a § 2255 Motion.

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). However, a plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994) (finding that language in plea agreement that "he will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to bring a § 2255 motion). Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005).

The Plea Agreement here provided in relevant part:

**Memorandum Decision and Order - 6**

> The defendant is also aware that under certain circumstances a defendant has the right to collaterally challenge defendant's sentence through a habeas petition such as a motion pursuant to Title 28, United States Code, Section 2255. Acknowledging this, in exchange for the other terms of this Agreement, the defendant knowingly and voluntarily gives up (waives) defendant's right to contest defendant's pleas, conviction, or sentence in any post-conviction proceeding, including any proceeding authorized by Title 28, United States Code Section 2255, except as to an appeal claiming ineffective assistance of counsel based on facts discovered <u>after</u> the entry of defendant's guilty pleas.

Plea Agreement, ¶ VI, p. 5 (Docket No. 11 in CR-05-163-S-BLW). This provision constitutes an express and unambiguous waiver of the right to bring a § 2255 motion except as to ineffective assistance of counsel claims based on facts discovered after the entry of the guilty plea. Hernandez has not challenged the knowing and voluntary nature of the Plea Agreement or the waiver itself. Indeed, the record indicates, and the Ninth Circuit found, that Hernandez's plea was knowing and voluntary. The facts underlying his claims as discussed below were known to him prior to entry of his guilty plea. Accordingly, Defendant's § 2255 Motion is subject to dismissal on the ground of waiver. Even absent a valid waiver, however, Defendant's § 2255 Motion is subject to dismissal.

    **2.    Ground One: Lack of Interpreter at Sentencing Hearing and Ineffective Assistance of Trial Counsel.**

**Memorandum Decision and Order - 7**

Within this ground, Hernandez also alleges that defense counsel failed to argue (1) that Mexico's poverty was the main reason he returned to the United States; (2) that Idaho's lack of a fast-track program results in disparate sentences from those imposed in Arizona, California, and Texas in violation of the Equal Protection Clause; (3) that his dysfunctional family background and his inability to provide guidance to his five children should he be incarcerated were grounds for a downward departure; and (4) that he had a good work history and paid taxes while in the United States.

Hernandez's allegations in Ground One are conclusively rebutted by the record. The record indicates that interpreter Eduardo Silva was present at the sentencing hearing. *Minutes* (Docket No. 20 in Case No. 05-163-S-BLW). Furthermore, not only does the District of Idaho have a fast-track program, Hernandez was a beneficiary of that program, receiving a 2-level downward departure pursuant to USSG 5K3.1 for stipulating to deportation. *Sent. Tr.* at 8-9. However, even if Idaho did not have a fast-track program, this claim would fail. *See United States v. Marcial-Santiago, 447 F.3d 715 (9th Cir.), cert. denied, Acosta-Franco v. United States, 127 S.Ct. 309 (2006)* (implementation of fast-track programs in some but not all districts does not violate equal protection and due process rights).

**Memorandum Decision and Order - 8**

Hernandez's remaining claims under Ground One are also rebutted by the record. Defense counsel brought to the Court's attention in both his Sentencing Memorandum and in oral argument at sentencing that Hernandez had five children, that he a good record of working to support his family, that his only other conviction occurred at the age of 41 which more appropriately should have resulted in a 12- rather than a 16-level enhancement, that he was apprehended on the illegal reentry charge while trying to comply with the law by applying for a driver's license, and that a 12-month sentence was appropriate under the circumstances. *See generally Sentencing Memorandum* (Docket No. 18); *Sent. Tr.* at 5-8. The Court also had before it the Presentence Report which contained the details of his family background and letters from former employers indicating not only that he had been working while in this country but that his employers valued his services. *See* PSR, ¶¶ 27-30; 35 and Letters (Docket No. 21).

After reviewing the sentencing materials and listening to argument of counsel, the Court declined to sentence below the guideline range although recognizing that several factors weighed in favor of doing so. *Sent. Tr.* 9-11. However, the Court did take those factors into consideration when sentencing at the low end of that range. *Sent. Tr.* 11-12.

> 3. **Ground Two: Ineffective Assistance of Counsel for Failing to Inform Petitioner that by Agreeing to Removal He**

**Memorandum Decision and Order - 9**

## Waived Right to Contest or Appeal the Removal Order.

Within Ground Two, Hernandez alleges (1) that defense counsel was ineffective for not advising him that by agreeing to removal without a hearing, he was also waiving any right to appeal the order of removal, and (2) that he was not advised in the Plea Agreement or during at the plea hearing that he had a right to appeal an order of removal and that waiving removal would waive his right to appeal removal.

Addressing the second claim first, these allegations are conclusively rebutted by the record. The Plea Agreement provided in relevant part:

> Moreover, the defendant's agreement to stipulate to an order of removal shall constitute a conclusive determination of the alien defendant's removability from the United States. In the event this Plea Agreement is accepted by the Court, the defendant agrees not to contest, either directly or by collateral attack, the defendant's removability from the United States.

*Plea Agreement* at 4, ¶ 2. Hernandez signed the Plea Agreement indicating that he had carefully reviewed every part of the Plea Agreement with his attorney and understood it. *Plea Agreement* at 8. Also, the Court advised Hernandez that the Plea Agreement contained a provision whereby he was waiving the right to a hearing before an immigration judge on the question of whether or not he should be deported, to submit evidence on his own behalf, cross-examine those who

**Memorandum Decision and Order - 10**

testified against him, and to appeal any adverse determination. *Plea Tr.* at 12. Hernandez stated under oath that he understood that he was waiving those rights. *Plea Tr.* at 12.

Turning to the first claim, the Court notes that the record reflects that a Spanish language interpreter was present at the plea hearing providing a word-for-word translation and that Hernandez said he could understand the proceedings through the interpretation provided by Mr. Silva. *Plea Tr.* at 3; 5. At the hearing, Hernandez acknowledged under oath that he had signed the Plea Agreement, that it was read to him in Spanish, that he had the opportunity to discuss it with his attorney, that he went over every provision of the Plea Agreement with his attorney, and that he understood every provision before he signed it. *Plea Tr.* at 10-11.

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight. *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *see also U.S. v. Kazcynski,* 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements). Even though that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations unsupported by specifics is

**Memorandum Decision and Order - 11**

subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977) (citations omitted).

The Court finds that Hernandez's claim that he was not advised in the Plea Agreement or at the plea hearing of the effect of entering into the stipulation for deportation to be wholly incredible in the face of the record.

The Court also finds that Hernandez has not a overcome the strong presumption of verity of his sworn statements at the plea hearing with his subsequent bald claim that counsel did not advise him of the waiver of his right to contest removal. The claim totally lacks credibility, especially given that many of his other claims are completely rebutted by the record thereby casting serious doubt on this particular claim of ineffective assistance of counsel.

> **4.  Ground Three: Ineffective Assistance of Counsel for Failure to Request a Downward Departure Based on Cultural Assimilation and Failure to Argue that the Court Should Consider the Nature and Circumstances of the Aggravated Felony**

Hernandez claims that defense counsel failed to move for a downward departure based on cultural assimilation. However, he does not identify any factors that would support a finding of cultural assimilation. Hernandez alleges that he came to the United States to work to support his family. In other words, he came

**Memorandum Decision and Order - 12**

for economic reasons. His grandmother, mother, siblings, wife, and five children all live in Mexico. PSR ¶ 28. A sentence reduction for cultural assimilation must be based on a finding that a defendant's motivation for reentry or remaining in this country was based on cultural or familial ties rather than economic reasons. *See* [United States v. Lipman, 133 F.3d 726, 731 (9th Cir. 1998)](#) (recognizing cultural assimilation as grounds for departure in pre-*Booker* case).

Hernandez also claims that defense counsel failed to argue that the Court should consider the nature and circumstances of the aggravated felony underlying his 16-level enhancement. More specifically, he claims that defense counsel should have argued to the Court that he lacked personal control over the charged illegal drugs and personal knowledge of their weight and purity.

The record reflects that defense counsel argued for a 4-level reduction in the enhancement based on the fact that even though the sentence was 1 to 15 years for the underlying conviction, Hernandez was deported after serving less than 13 months of that sentence. *Sent. Mem.* at 3 (Docket No. 18); *Sent. Tr.* at 6-7. While defense counsel did not argue the specific facts raised by Hernandez, the implication of his argument was the same – that the offense was not that serious if he was only required to serve slightly over one year of a 1- to 15-year sentence. Indeed, the Court considered the argument and rejected it recognizing that it was a

**Memorandum Decision and Order - 13**

close call.  *Sent. Tr.* at 10 (noting that counsel argued forcefully).

### 5.   Ground Four: Ineffective Assistance of Counsel in Advising Defendant Regarding his Possible Sentence

Hernandez alleges that defense counsel informed him that he would receive a sentence of no more than 21 months if he pled guilty and that he made a "plainly incorrect estimate of the likely sentence due to ignorance of applicable law" upon which Hernandez relied when pleading guilty.  He also alleges that the Court did not advise him that he should not rely on any sentencing estimate made by counsel.

Hernandez testified under oath at the plea hearing that no one had made any prediction or promise as to what his sentence would be.  *Plea Tr.* at 11.  He testified that he had gone over every provision of the Plea Agreement and understood it.  *Plea Tr.* at 8.  Hernandez was advised that the maximum sentence the Court could impose was twenty years, and he stated that he understood.  *Plea Tr.* at 8. That Plea Agreement contained a provision that indicated that Hernandez understood that the sentence had not yet been determined by the Court, that any estimate of the likely sentence from any source was a prediction and not a promise, and that the Judge had the final authority to decide what the sentence will be.  *Plea Agreement* at 3, ¶ V. A.

Even if defense counsel had made the so-called estimate that the sentence would not be more than 21 months, Hernandez is not entitled to relief.  An

**Memorandum Decision and Order - 14**

erroneous prediction by defense counsel as to the length of sentence does not entitle a defendant to challenge his guilty plea.  See *United States v. Michlin,* 34 F.3d 896, 899 (9th Cir. 1994) (citing *United States v. Garcia,* 909 F.2d 1346 (9th Cir. 1990).  Although an exception is possible where there is a "gross mischaracterization" of the likely sentence, the Court finds that the difference between the 21 months allegedly estimated and the 33 months imposed does not amount to a gross mischaracterization.  See *United States v. Garcia,* 909 F.2d 1346 (9th Cir. 1990) (defendant not entitled to withdraw from plea where counsel estimated sentence of 8 years but Court imposed sentence of 235 months).

It appears that the Court failed to advise him that he should not rely on any sentencing estimate of defense counsel.  However, the Court is not required to so advise him under Fed. R. Crim. P. 11(b)(1).  Hernandez was adequately advised in the Plea Agreement not to rely on any prediction or promise of counsel regarding the length of the sentence.  He was adequately advised in the Plea Agreement and in the plea hearing that the Court had the ultimate say on the length of the sentence.  He was adequately advised in the Plea Agreement and the in the plea hearing that he faced a twenty-year maximum sentence.

### D.      Conclusion

Hernandez waived his right to raise any of the claims in his § 2255 Motion

except for his claim that there was not an interpreter at his sentencing hearing. However, that claim is rebutted by the record. Even if he had not waived the remaining claims, they are subject to dismissal on the grounds that they are conclusively rebutted by the record or by his sworn testimony under oath.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Government's Motion to Dismiss (Docket No. 6) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DISMISSED.

DATED: **June 5, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge